Isaac W. Vandergrift, defendant below, plaintiff in error, *v.* George H. Hollis, plaintiff below, defendant in error.

The 5th section of the statute in relation to pleading and practice in civil actions, provided that in any action upon any deed, bond, bill, note, or other instrument of writing, a copy of which shall have been filed with the declaration, the defendant not being an executor or administrator, shall not, on the trial, be allowed to deny his signature, or that of any other party to the instrument, and the execution of such instrument shall be taken to be admitted, unless the defendant shall have filed an affidavit denying the signature, at the time of filing his plea, or within such further time as the court shall, on motion, allow. Afterwards, by Rule 7th, of the Superior Court, the same was prescribed, in identical terms, but with the addition of these words following immediately the terms "denying the signature": "Or the obligation of the instrument by reason of fraud, duress, or other sufficient legal cause." *Held* by the court that the rule should be construed

in harmony with the section of the statute, and that the alteration of its terms by the words added to it in the rule must be construed to simply mean denying the obligation of the instrument on any legal ground, so far as it depended on the voluntary and valid signature, and execution of it by the defendant, for beyond that the court could not alter it.

THIS case came up in the Court of Errors and Appeals on a writ of error to the Superior Court for New Castle County, and bill of exceptions filed, *vide, George H. Hollis* v. *Isaac W. Vandergrift* (5 Houst. Rep., 597), and was heard in this Court before Saulsbury, Chancellor, and Wootten and Wales, Judges.

The case below was an action of assumpsit by Hollis against Vandergrift severally upon two promissory notes, made on the same day, January 1, 1877, for one thousand dollars each, one payable in twelve and the other in fourteen months, by John A. Vandergrift, Isaac W. Vandergrift and Leonard G. Vandergrift, to the said George H. Hollis.

Under the provisions of the statute and the rules of the Court in such cases made and provided, sworn copies of the notes had been filed by the plaintiff, with the declaration in the action, in the office of the Prothonotary, and as is the usual practice in such cases, the counsel for the plaintiff at the trial produced and put in evidence before the court and the jury the original notes, purporting to have been duly signed by each of the said makers, after calling the attention of the court to the facts which appeared from the record that sworn copies of them had been filed by the plaintiff with the declaration, but the defendent had not, in compliance with the said provisions of the statute and the rules of the Court, filed any counter-affidavit therein denying his signature to the notes or either of them, or the obligation of them or of either of them on any ground whatever; and there rested their case.

The counsel for the defendant then stated to the court and jury that the ground of defence was that two material alterations had been made in the notes after they were signed by all three of the makers of them without their knowledge and consent, by the interpolation of the words " or order," as they now appeared in the body of each, and by the erasion of the words " & Co.,"

Vandergrift v. Hollis.

immediately following the name and signature of John A. Vandergrift, the first and principal maker of them, when they were left with him by the other makers after they had also signed them. A youthful brother of the first and son of the third signer of them, was a subscribing witness to the notes, and was now called by the counsel to prove these alleged alterations, when the counsel on the other side objected to the admissibility of the proposed evidence, on the ground that the defendant having failed to file at the time of pleading to the declaration, an affidavit denying that he signed the notes declared on, and duly certified copies of which had been filed with the declaration, he was precluded, by the statutory provisions and the rules of court referred to, from now denying his signatures to them or the obligation of them on the trial. After argument by counsel on both sides the court sustained the objection and ruled out the evidence offered, and thereupon the defendant filed his bill of exceptions thereto, and sued out the writ of error in the case.

*Lore* for the plaintiff in error. It was not alleged or pretended on the part of the defendant in the action, for whom he appeared, in the trial of it in the court below, that there had been any tampering with, or any change or alteration whatever made in any of the signatures to the notes after they had been signed by the makers of them. On the contrary, all the signatures to them were admitted to be the true and proper signatures of the respective joint makers of them, and that they were precisely the same as when the notes were signed by them respectively, and when they left the hands of the defendant and passed into the hands of the plaintiff in the action. And such being the admitted fact as to the continued genuineness of the defendant's signature to each of the notes, how could he possibly have made and filed an affidavit at any time in conformity with the provisions of the statute, chap. 106, § 5, Rev. Code, 647, denying his signatures to them without committing downright perjury? The provisions of the 5th section of the statute are as follows: "In any action brought upon any deed, bond, bill, note, or other instrument of writing, a copy of which shall have been

Vandergrift *v.* Hollis.

filed with the declaration, the defendant not being an executor or administrator, shall not on the trial be allowed to deny his signature or that of any other party to the instrument, and the execution of such instrument shall be taken to be admitted, unless the defendant shall have filed an affidavit denying his signature, at the time of filing his plea, or within such further time as the court shall, on motion, allow." And Rule 7, of the Superior Court, was identically the same in terms, with the addition of the following words after the terms, " affidavit denying the signature : " *or the obligation of the instrument, by reason of fraud, duress, or other sufficient legal cause ;* and which in the printed copy of the rule contains at the close of it an express reference to section 5 of this statute. Such a construction, however, of the 5th section of the statute, as was contended for on the other side, and was given to it by the court below, cannot be in accordance with either the literal import of its terms, or the true meaning and intention of it; and as it was in derogation of common law and the rights of a defendant in such a case under it, the court should construe it strictly. It had heretofore been generally if not universally understood by the bar to apply only to a case where the signature to the note, or other instrument of writing declared on in the action, was not in fact signed to it by the defendant and the alleged maker of it; and the sole object of the provision was, that whenever in any such action there was likely to be any question at the trial as to the genuineness of the signature to the instrument, or the ability of the plaintiff to prove it, he shall, by adopting the course prescribed in it, have the power to compel the defendant to deny the genuineness of the signature by his affidavit, and also that he shall have ample notice and time in such a case to prepare to prove it. But it was manifestly designed to meet or apply to any other defence than that.

As to Rule 7 of the court below, and which that court held to mean the same as the express statutory provision referred to, he must say that, by the additional words incorporated into it, which he had already specially noticed and recited, it was rendered much broader in the meaning and operation of it; for, while the

former is limited solely to a denial of the signature or signatures of the maker or makers of such an instrument, the latter is expressly enlarged and extended beyond that to a denial, as well of the obligation of it, by reason of fraud, duress, or other sufficient legal cause, and which, of course, could not have been broader in their operation and effect, if these latter words had been, or any other ground of legal defence whatever. And such being the vast difference between the meaning and effect of the provisions of the statute and the provisions of the rule of court on the subject, he would unhesitatingly deny the validity of the latter on that ground, at least to the extent of that great difference, or, that the court which established it had any authority to amend and materially alter or add to a statute of the legislature on that subject by a rule of court, or in relation to any other matter which so seriously involves the legal rights and liabilities of parties in the trials of causes before it.

*Moore* (*Higgins* with him) for the defendant in error.—Both the statute and the rule of court alike mean and import in effect more than a denial of the signature simply of the defendant in the action to the note or instrument of writing declared on; for, if that denial be true and well founded in fact, it goes to the entire obligation of the instrument, and is as absolutely fatal to the legal obligation of it, and to its very existence as a valid cause of action, as a plea of non-assumpsit, or any or all other pleas in bar could be, if they were pleaded in the action, and proved on the trial against it. Because, if the defendant never signed the originals of these two alleged promissory notes declared on in the action against him, they were but mere legal nullities as against him, and were not his promissory notes; and that is the import and effect in law of the defendant denying under oath, as required by the statute and the rule in a case like this, his signature to the note or instrument put in suit against him. For it means that, and nothing less. Or, in other words, it is well understood in legal signification to be equivalent to an utter denial of the obligation of the instrument. If, however, the notes were signed, but had, since the delivery of

Vandergrift v. Hollis.

them to the plaintiff, been changed or altered by him in any material respect whatever, without the knowledge and consent of the defendant, the legal validity, existence, and obligation of the notes are, in law, just as effectually vitiated and destroyed as if they had never in fact been signed by him, or his signatures to them had been forged; and, if such an alteration was made in them, of course, from that moment they were not only not the promissory notes which he signed and made, but were absolutely null and void by reason of it, and had no binding obligation upon him. And as the learned counsel on the other side had said, on the trial of the case in the court, that he observed and became well aware of the fact as soon as he saw the copies of them filed with the narr. in the prothonotary's office, by the insertion of the words "or order" next after the name of the payee in the original notes, could not the defendant on his making the discovery of that addition to and change in them without his knowledge and consent, and after they had left his hands, have safely denied under his oath, with a clear conscience, and without any hazard of perjury in legal contemplation, that he signed or subscribed his signature to either of them, after they were so altered? For, if they were materially altered without his knowledge and consent, after he had signed them, they were both, in contemplation of law and in point of fact, no more the two promissory notes which he made and signed than they would have been if by a smilar alteration, made at the same time, the consideration of each of the notes had been increased by the change to two thousand dollars.

But is there any essential conflict or discrepancy between the fifth section of the statute referred to, and the seventh rule of court in their application to this case, as contended on the other side? And if this court should think there is, and that the rule by the additional words introduced into it and not found in that section, is made broader and more comprehensive than the statutory provision in its application to such, and is subject to the criticism of an attempt at judicial legislation, does or did the adoption of it transcend the power and authority of the court to make such a rule in such cases as broad and comprehensive as

Vandergrift *v.* Hollis.

we contend it is? The statute in which the section occurs, introduced for the first time some very great and striking changes in the previous course of pleading and practice in civil actions in several classes of cases in the Superior Court of the State, for the purpose of expediting the determination of them, and wholly avoiding jury trials of them when there are no matters of fact constituting a legal defence to be proved in the case, and this was very wisely sought to be accomplished mainly, if not exclusively, by the modifications introduced by the statute for that purpose in its course of pleading and practice in such cases before pursued, without essentially changing the general principles of the common law as before recognized and established with reference to them.

The principal modification made was by the fourth section of the act which provides that in all actions in the Superior Court in the several classes of cases specified in it, and which include all specified in the fifth section of it, and the seventh rule of that court, and several more, judgment may be recovered at the first term of the court, notwithstanding the appearance of the defendant, without a trial, if the plaintiff on or before the first day of that term files in the office of the prothonotary a copy of the instrument of writing, or his claim or cause of action in the case, with his affidavit stating the sum demanded, and that he verily believes that the same is justly and truly due, unless the defendfant on the other hand has previously filed in the cause, and in the same office, a counter affidavit stating that he verily believes there is a legal defence to the whole or part of such cause of action, and setting forth the nature and character of the same, etc. Now, while the great and sole object of this provision of the statute thus summarily and succinctly stated is obviously to secure a judgment in the case as promptly as possible, and prevent the delay, uncertainty and expense of a jury trial without such a strong and reasonable assurance from the defendant of an actual and *bona fide* necessity for it, we certainly may say of it that it constitutes by far the greatest change and innovation ever made before or since, in pleading and practice in the common law courts of this State from their earliest foundation.

Vandergrift *v.* Hollis.

The change made in its previous course of pleading and practice by the fifth section of the statute is similar to but subordinate to the former, but as far as it goes, the object of it is the same. It simply provides, that in any action brought on any deed, bond, bill, note, or other instrument of writing, a copy of which has been filed with the declaration, the defendant not being an executor or administrator, is not on the trial before the court and jury, to be allowed to deny his signature or that of any other party to the instrument, but the execution of such instrument is to be taken to be admitted, unless the defendant shall have filed an affidavit denying the signature at the time of filing his plea, or within such further time as the court on motion allow. The rule of court in question, and made since the statute was enacted, is word for word the same as the fifth section, except that the court saw proper afterwards to insert in it, after the terms "denying the signature," the additional words, "or the obligation of the instrument, by reason of fraud, duress or other sufficient legal cause." The legislature seems to have thought, after having made the greater change contained in the fourth section, it would be proper to make another somewhat similar to it, but more limited in its application concerning actions on deeds, bonds, bills, notes, and other instruments of writing, and accordingly provided in the next and fifth section, that in any action upon any such instrument of writing, if a copy of it be filed with the declaration, the defendant, unless he is an executor or administrator, shall not be allowed to deny his signature, or that of any other party to the instrument, without having filed an affidavit denying the signature at the time of filing his plea, or within such further time as the court on motion shall allow.

But neither of these sections of the statute, nor even the addition of the words referred to in the rule of court, as great as may have been the changes introduced by them for the purpose of expediting the procedure of the court in such actions after they are brought, has changed any rule or principle of law whatever in relation to such actions, except such as pertained exclusively to the pleading and practice in such cases at that time in that court. Copies of the cause of action required to be filed with, or without affidavits, and

Vandergrift *v.* Hollis.

affidavits denying signature to, or the obligation of the instrument sued on, by reason of fraud, duress or other sufficient legal cause, required to be filed by a defendant at the time of filing his plea, or within such further time as the court shall, on motion, allow, may possibly be considered, to some extent, new regulations in regard to pleadings in such actions; or if not, then they can only be considered, at most, as new methods required to be pursued in the procedure and practice of the court in such actions for the purposes before stated ; but they certainly introduce no new pleas, nor modify nor abolish former ones, and much less do they introduce any new principle, or change any principle of law or evidence in regard to the rights and liabilities of the parties in such actions, for they remain the same as before, subject only to such new methods in the procedure of such actions in that court as the legislature has seen proper to provide, or the court to prescribe; for well knowing that on the introduction of these and other important changes in pleading and practice in civil actions provided for in the statute, it might be found advisable that the court should have the power by rules made from time to time to make, among other things, such alterations in the mode of pleading in said court, and other proceedings in actions at law, as to them may seem expedient; provided that no such rule shall have the effect of depriving any person of power of pleading the general issue, and of giving the special matter in evidence, in any case where such power is or shall be given by act of the general assembly. This is expressly provided in the first section of the statute, and the only limitation or restriction prescribed to this general power thus conferred upon the court at any time after the passage of the statute, to make such alterations in the mode of pleading in said court, as to the Judges, the Superior Court, or any three of them might seem expedient, is simply the restriction expressed in the proviso, that no such rule to be made by them should have the effect of depriving any person of the power of pleading the general issue, and giving the special matter in evidence, in any case where such power shall be given by act of the general assembly ; and which single exception thus particularly provided and prescribed in it clearly and conclu-

Vandergrift v. Hollis.

sively implies that the legislature intended by it that they should have the authority to make or alter the mode of pleading and of giving evidence under it by the defendant in any other case whatever. And under the authority thus conferred upon the judges of that court, three of them, at least, many years ago, found it expedient to alter and extend the regulations provided in the fifth section of the statute in regard to the mode of pleading against and denying on the record the validity of such an instrument in writing, of which a copy has been filed with the declaration and condition on which the defendant shall have the power to give evidence in support of his defence on the trial of the action before the jury, as we find it in the seventh rule of that court. And can there be any well-founded doubt of the authority of the judges of that court and that day, if they found it expedient to do it in promoting the objects of the statute, to make the alteration? Three of them, at least, could have had none, and they were all judges of ability and mature experience in the practice of the court and all the powers and functions with which it was endowed, and were quite as wise in their day as we are in ours.

*Saulsbury*, Ch., announced the opinion of a majority of the court.

The suit below was brought to recover the amount alleged to be due on two promissory notes, copies of which had been filed by the plaintiff with his declaration. The defendant did not, at the time of filing his plea, file an affidavit denying the signature to the notes. The plaintiff below produced, and offered in evidence, the two promissory notes which were the cause of action, and copies of which had been filed with his declaration in the cause, and rested. The bill of exceptions states that: " The defendant, having offered evidence to show that after the making and delivery of the said notes by the defendant, and without his knowledge and consent, the said notes had been materially altered by the insertion of the words ' or order,' and the erasure of the characters ' & Co.,' which evidence was rejected by the court, because the defendant had not, at or before the time of filing his

plea filed an affidavit denying the signature to said notes, or the obligation of the notes by reason of fraud, duress, or other sufcient legal cause, under Rule 7 of the rules of said court, and the statute in that behalf."

This statement in the bill of exceptions necessarily requires from us an interpretation of the fifth section of chapter 106 of the code and also of said Rule 7 of the Superior Court, and of the determination of the question whether the rule is in harmony with the section as illustrative of it in respect to the word " signature " therein, or in addition to and enlargement of the requirement of that section in respect to the denial of the signature therein mentioned.

The fifth section referred to is as follows :

" In any action brought upon any deed, bond, bill, note, or other instrument of writing, a copy of which shall have been filed with the declaration, the defendant not being an executor, or administrator, shall not, on the trial, be allowed to deny his signature or that of any other party to the instrument; and the execution of such instrument shall be taken to be admitted, unless the defendant shall have filed an affidavit denying the signature at the time of filing his plea, or within such further time as the court shall, on motion, allow."

Rule 7 of the Superior Court, referred to, is as follows :

" In any action brought upon any deed, bond, bill, note, or other instrument of writing, a copy of which shall have been filed with the declarations; the defendant not being an executor or administrator, shall not, on the trial, be allowed to deny his signature, or that of any other party to the instrument; and the execution of such instrument shall be taken to be admitted unless the defendant shall have filed an affidavit denying the signature or the obligation of the instrument by reason of fraud, duress, or other sufficient legal cause, at the time of filing his plea, or, within such further time as the court shall, on motion, allow."

It will be observed that the words, " or the obligation of the instrument by reason of fraud, duress, or other sufficient legal cause," in the rule are not to be found in the section. It is but reasonable to presume that the court in framing the rule meant

Vandergrift *v.* Hollis.

to make it conformable to the section of the chapter of the code upon the same subject-matter and illustrative of it, and that by the words, "or the obligation of the instrument by reason of fraud, duress, or other sufficient legal cause," was meant that obligation of the instrument which was created by the free and voluntary signature of a defendant thereto, and that the words "fraud" and "duress" were placed in the rule as special examples, showing that a signature obtained under either of such circumstances was not the signature in law of the party charged with the obligation in respect to the instrument; and as there might be other sufficient legal cause why a signature to an instrument in the proper handwriting of a party sought to be charged with the obligation of the instrument by reason of such signature, was not in law his signature, the words, "or other sufficient legal cause," were also placed in the rule to avoid a particular enumeration of the reasons or causes which might determine what was an apparent signature to be in law no signature at all. In the opinion of the majority of this court, what was thus reasonably to be presumed, is in fact true; and the rule must be interpreted in harmony with the section, and as having relation to the legal signification of the word "signature," and not otherwise. The instrument is only legally executed when it is freely and voluntarily signed, and the words of the 5th section referred to—"and the execution of such instrument shall be taken to be admitted"— relate to, and are in substance the same as the words "signature to the instrument," by which is meant a signature unaffected by reason of fraud, duress, or other sufficient legal cause, showing that the signature was not a free and voluntary one. A contrary interpretation of Rule 7, would not only be unreasonable in itself, but would be directly contradictory to the uniform practice of the Superior Court ever since the adoption of the rule. It would require every plea which a defendant could make in a suit upon any deed, bond, bill, note, or other instrument of writing to be filed under oath at the time of filing the plea. Even the pleas of *non est factum, non-assumpsit, nil debit,* accord and satisfaction, payment, release, set-off, and the Act of Limitations, would have to be accompanied by an affidavit, be-

cause any of these pleas, if true, would discharge a defendant from any obligation of the instrument, and no obligation arising from the signature of the instrument would rest upon a defendant by reason of his signature thereto, if he could avail himself of any of these pleas in any action brought upon the instrument. I do not presume that the records of the Superior Court furnish an example of such an affidavit being filed by a defendant at the time of filing any such pleas as above mentioned. The affidavit, in our opinion, is not required to any matter of defence, or in respect to anything arising or occurring after the execution of, or signature to the instrument. Material alteration of the instrument must necessarily occur after the execution or signature affixed. The word "duress" in the rule necessarily relates to the signature or signing of the instrument; as does also the word "fraud," in obtaining the signature, and the words "other sufficient legal cause" must be interpreted as having relation to the same subject-matter to the signature as the words "fraud" and "duress." The words, "the obligation of the instrument," found in the rule of the court, must have reference to, necessarily, and must mean that obligation which arises solely from the free and voluntary signature of the instrument. They do not relate to the existing obligation to pay the amount secured to be paid by the instrument, nor to any obligation other than as hereinbefore mentioned existing at the time of filing the plea. If Rule 7 is to be otherwise interpreted than as we have indicated, the Superior Court would not have the power to add to the said 5th section the words found in Rule 7, to wit: the words, "or the obligation of the instrument by reason of fraud, duress, or other sufficient legal cause." To do so would amount to judicial legislation, and would not be judicial interpretation or exposition.

The Act of Assembly does not authorize the Superior Court to change by rule the law or principles of evidence. Chapter 106 of the Code is entitled "Of Pleading and Practice in Civil Actions." It has no relation whatever as to what shall or shall not be evidence in civil actions. The first section confers upon the judges of the Superior Court power to make rules for regu-

Vandergrift *v.* Hollis.

lating pleadings, and is as follows : "The judges of the Superior Court or any three of them, shall have power, by any rules to be, from time to time by them made, in term or vacation, to make such alterations in the mode of pleading in said court, and in the mode of entering and transcribing pleadings, judgments and other proceedings in actions of law, and such regulations as to the payment of costs, and otherwise for carrying into effect the said alterations, as to them may seem expedient; Provided that no such rule shall have the effect of depriving any person of the power of pleading the general issue, and of giving the special matter in evidence, in any case where such power is or shall be given by Act of the General Assembly." Not one word is said in this section in respect to the admission or rejection of evidence in civil actions, except the proviso that no rule made by the court shall have the effect of depriving any person of the power of giving the special matter in evidence under the general issue, in any case where such power is or shall be given by the Act of the General Assembly. Even the provision that a defendant shall not be allowed to deny his signature, or that of any other party, is not contained in the section conferring power upon the judges to make rules in reference to pleading and practice aforesaid. Even in this respect the judges would have had no authority to prescribe any rule *but* that prescribed by the fifth section before cited. The prohibition of the denial of the signature to the instrument is effective only by reason of that section, and no rule of court in respect to matters and things contained in that section, varying or adding to it, even if such rule has or should be made, would have any authority whatever. The learned judges who framed Rule 7 knew too well their duty, and the limitations upon judicial power to frame a rule which could reasonably bear the interpretation contended for by the counsel on behalf of the respondent in error.

Section 2, of Chapter 106, shows the general design of the power conferred upon the judges to make rules, and provides that such rules shall be so framed as to promote and require conciseness, brevity and plainness in pleading without regarding form further than is necessary or conducive to these objects. These

Vandergrift *v*. Hollis.

are all the powers conferred upon the judges in respect to the making of rules, except that which is conferred by the third section of said chapter, which has no relation whatever to the admission or rejection of evidence. The first paragraph of this section is as follows: " The said judges shall also have power by such rules to regulate the taking depositions or excepting thereto, the distribution of money in court, the order and manner of trying causes, of pleading, of notices and all other matters regulating the practice and mode of conducting the business of said court." This section then provides that the judges shall, before the next term of the court, after the passage of the act, revise the rules of court, with a view to the attainment as far as practicable of improvements therein mentioned, none of which, however, have relation in any respect to the admission or exclusion of evidence.

It is unnecessary to notice the other ground of exception taken to the decision of the court below; we think, however, that leave to amend, as stated in the bill of exceptions, was a matter so properly in the reasonable discretion of the court below that its exercise by that court ought not to be reviewed here. For the reasons stated in considering the first exception, the rejection by the court of the evidence offered by the defendant below, to show that after the making and delivery of the notes by the defendant, the same had, without his knowledge and consent, been materially altered, we think was erroneous, and for that reason that the judgment below should be reversed, and it is so ordered.

*Wootten*, J: I regret that I have not been able to bring my opinion in accord with that of a majority of the court just read by the Chancellor, but I differ so essentially that a sense of duty constrains me to express my dissent.

It appears from the bill of exceptions that the action in the court below was on two promissory notes by George H. Hollis *v*. Isaac W. Vandergrift, the defence to which was alleged material alterations after the notes had been signed and delivered by the defendant without his knowledge or consent. At the trial, the plaintiff produced and offered in evidence the two promissory notes which were the cause of action and copies of which

Vandergrift *v.* Hollis.  ·

had been filed under the rule of court with the declaration and here the plaintiff rested his case.   The defendant then offered evidence to show that after the making and delivery of the notes in question by the defendant the said notes had been materially altered by the insertion of the words "or order" and the erasure of the characters "& Co."   This evidence was objected to by the plaintiff's counsel on the ground that no affidavit had been filed as was required by the statute and the seventh rule of court.   The statute to be found on pages 644, 645 of the Revised Code, Chapter CVI., § 1, entitled "Of Pleading and Practice in Civil Actions," declares that the judges of the Superior Court, or any three of them, shall have power, by any rules to be from time to time by them made, in term or vacation, to make such alterations in the mode of pleading in said court, and in the mode of entering and transcribing pleadings, judgments and other proceedings in actions of law, and such regulations as to the payment of costs and otherwise for carrying into effect the said alterations as to them may seem expedient.

The 3d section of the act declares that the said judges shall also have power by such rules to regulate the taking depositions or excepting thereto, the distribution of money in court, *the order and manner of trying causes and of pleading,* of notices *and all other matters regulating the practice and mode of conducting the business of said court* in all cases not expressly provided for by law.

The court was not only authorized to make such rules, but required by the statute to do so.   Simplifying and shortening the pleadings and other proceedings.   Presenting more distinctly the questions to be tried by a jury, particularly in some of the actions on promises, by a more full and precise statement in the declaration, or by a bill of particulars, *and by a more definite statement of the ground of defence.*   The expediting the decision of causes and the diminishing of costs.   The statute is a long one and very broad and extensive in its provisions, and, as I have said, not only authorizes the court to make rules regulating pleading and practice, but it obliges it to do so.

The court, under the statute and rule of court, ruled out the

8

Vandergrift v. Hollis.

evidence offered by the defendant to show the alleged alterations of the notes to which ruling the defendant's counsel excepted, and thus the question is presented to us for our decision.

A majority of this court reverse the judgment of the court below for the following reasons, if I understand the opinion correctly, not having read or heard it read before its delivery : First, that the words " or the obligation of the instrument by reason of fraud, duress or other sufficient legal cause," refer to the signature only, and the signature not being denied no affidavit, was necessary under either the statute or rule. The statute declares that " In any action brought upon any check, bond, bill, note or other instrument of writing, a copy of which shall have been filed with the declaration, the defendant not being an executor or administrator, shall not on the trial be allowed to deny his signature or that of any other party to the instrument, and the execution of such instrument shall be taken to be admitted unless the defendant shall have filed an affidavit denying the signature." And the rule of court adds : " or the obligation of the instrument, by reason of fraud, duress or other sufficient legal cause at the time of filing his plea, or within such further time as the court shall on motion allow." If these additional words constitute no enlargement of the statute or the rule following its language and mean nothing more than would be expressed without them, I can see no reason for their being in the rule or constituting any part of it. It is very clear to my mind that they do not and were not intended to apply to the signature at all, but to other distinct matters of defence named and specified by the words themselves, fraud, duress or other sufficient legal cause. A party might sign and affix his signature to an instrument under duress and a plea of duress would be a good one and an available defence if made out on the proof, but he could not swear it was not his signature, and a note or bond might be signed and executed willingly and freely, and the party might be entirely absolved from its obligation by reason of some fraud, though he could not deny by affidavit his signature ; and if he did his denial would be overcome by proof and

such defence would not avail him, nor could he set up the defence of duress or fraud without an affidavit alleging it.

The denial of the signature of the instrument and the obligation of it by reason of duress, fraud and other legal cause, as mentioned in the rule of court, are separate and distinct lines of defence which to be made requires an affidavit denying the signature or alleging fraud, duress or other legal cause, as the case may be, and the rejection of evidence to prove the signature, fraud, duress or other legal cause would not, strictly speaking, be a question of evidence as a majority of the court seem to consider it, but one of pleading and practice as regulated by the court under its rules adopted by authority of law.   But a majority of this court say that the court had no authority for making this seventh rule or for enlarging the statute by the words " *or the obligation of the instrument by reason of fraud, duress or other sufficient cause.*"   This announcement, I must confess, fell upon my ears with some surprise with the statute before me and from which I have quoted largely, authorizing the court to make rules for the purposes mentioned and so fully described, and when I remember, too, and call to mind the fact that this rule is one of the first adopted and is more than half as old as the court itself and the constitution under which it was organized, and still further recalling to my mind the fact that it was made and adopted by such judges as Chancellor Johns, Chief Justice Booth, Judge Harrington and the other associates then on the bench.   These gentlemen were doubtless distinguished in their profession, conversant with the whole subject, and one of them at least having had much to do with the preparation and enactment of the statutes in reference to pleading, practice and amendments.

This court does not differ with the court below as to the question of amendment presented by the bill of exceptions and dwelt largely upon in the argument, therefore further notice of that question is unnecessary.

Not having been able to see any error in the judgment of the court below, I think it ought to be affirmed.